■ In the Matter of 216 RESTAURANT, INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— This proceeding pursuant to article 78 of the CPLR was brought to review and annul two determinations of the New York State Liquor Authority, dated April 10, 1968 and April 11, 1968, which respectively (1) canceled petitioner's license and (2) disapproved petitioner's application for approval of a corporate change. On June 10, 1968 this court annulled the latter determination, remitted the application as to a corporate change to the Authority for a new hearing, and directed that the proceeding be held in abeyance as to the cancellation of the license, pending the Authority's new determination as to the corporate change application (*Matter of 216 Rest.* v. *New York State Liq. Auth.,* 30 A D 2d 678). The Authority has held such new hearing and has made such new determination, which is dated December 11, 1968. Determinations dated April 10, 1968 and December 11, 1968 confirmed and proceeding dismissed on the merits, with costs. In our opinion, there was substantial evidence to support the Authority's

disapproval of the corporate change application because of unsatisfactory financing (cf. *Matter of Mar-Jear Rest. Corp.* v. *New York State Liq. Auth.,* 31 A D 2d 741; *Matter of Farone* v. *State Liq. Auth.,* 30 A D 2d 752, 753). Cancellation of petitioner's license based upon the criminal conviction of one of its officers was not arbitrary (cf. *Matter of Barton Trucking Corp.* v. *O'Connell,* 7 N Y 2d 299, 313). Christ, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.